UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BENNETT,<br><br>    Plaintiff,<br><br>    v.<br><br>SANTA CLARA COUNTY SUPERIOR COURT, et al.,<br><br>    Defendants. | Case No. 22-cv-07673-JSC<br><br>**ORDER DENYING LEAVE TO PROCEED IN FORMA AND MOTION FOR TEMPORARY RESTRAINING ORDER; DIRECTING PLAINTIFF TO PAY FILING FEE**<br><br>Re: Dkt. Nos.3, 6, 10 |

On December 6, 2022, Plaintiff, an inmate in the Yolo County Jail who is proceeding without representation by a lawyer, filed this civil rights case under 42 U.S.C. § 1983. He did not pay the filing fee but instead filed a form application for leave to proceed in forma pauperis ("IFP"). The certificate of funds portion of the application indicates that on December 14, 2022, shortly after this case was filed, the balance in Plaintiff's trust account was $3058.[1] (ECF No. 3 at 3.) This is more than sufficient to pay the $350 filing fee and $52 administrative fee for non-habeas actions. Accordingly, the motion for IFP is DENIED.

Plaintiff subsequently filed a handwritten "motion to proceed in forma pauperis and request for partial filing fee." (ECF No. 6.) A partial filing fee is available to prisoner-plaintiffs who have demonstrated they are unable to pay the full filing fee and have been granted leave to proceed IFP. 28 U.S.C. § 1915(b)(1). When he filed this action, Plaintiff was able to the pay the full filing fee, and therefore his motion to proceed IFP or to pay only a partial filing fee is DENIED. In this motion, Plaintiff also expresses concern that jail officials are interfering with his IFP application because they did not return it to him. (ECF No. 6 at 1.) Jail officials completed

---

[1] The certificate of funds indicated that the average monthly balances and deposits for the preceding six months were $23.61 and $43.42, respectively, but those figures do not include $3000 that Plaintiff deposited from the government stimulus plan. (ECF No. 3 at 3.)

the IFP application, and the Court received it in timely fashion. (ECF No. 3.)

Plaintiff has filed a motion for a temporary restraining order ("TRO") against Yolo County Jail officials. He alleges that they are "excessively opening" his court mail from another civil rights action, have denied him a logbook, and have denied his administrative grievances. (ECF No. 10 at 1.) The Court cannot grant his requested TRO because Yolo County Jail officials are not parties, and also Plaintiff has not provided notice of the motion to Defendants (who have not been served) or explained why not. *See* Fed. R. Civ. P. 65(d)(2), 65(b)(1). In this motion, Plaintiff also requests the "opportunity for advisory submissions," by which he appears to mean referral to a special master and/or a Magistrate Judge. (ECF No. 10 at 2.) This request is denied because such referrals are not necessary for resolution of this case. If they become necessary, the Court will make such referrals on its own accord. The motion for a TRO is DENIED.

**On or before March 6, 2023, Plaintiff shall pay the full filing fee and administrative fee ($402) or file a motion for an extension of time that shows good cause for the extension he requests. If he does not do so, this case will be dismissed without prejudice.**

**IT IS SO ORDERED.**

Dated: February 6, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge

2