UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BENNETT,<br><br>       Plaintiff,<br><br>   v.<br><br>SANTA CLARA COUNTY SUPERIOR COURT, et al.,<br><br>       Defendants. | Case No. 22-cv-07673-JSC<br><br>**ORDER ON PENDING MOTIONS; EXTENDING TIME TO PAY FILING FEE**<br><br>Re: Dkt. Nos. 12-14, 16, 19-22 |

Plaintiff, an inmate at the Monroe Detention Center in Yolo County[1] who is proceeding without a lawyer, filed this civil rights action and applied for leave to proceed in forma pauperis ("IFP"). His IFP application was denied, and he was ordered to pay the filing fee on or before March 6, 2023. (ECF No. 11.) Based upon his representation in a motion for appointment of counsel that jail officials were "deliberately preventing him from transferring his money to the court to pay his filing fee" (ECF No. 12 at 2), he received an extension of time to April 17, 2023, to pay the filing fee or show cause why not. (ECF No. 15.) The Court explained that "[t]o show cause on the grounds that officials are preventing his payment, he must show that he has acted diligently in requesting the payment, submit a copy of his requests if he has access to copies, describe when and to whom he made the requests, and describe their responses if any." (*Id.* at 1.) Plaintiff has submitted a "reply" to this order, and a number of other motions, which are addressed below.

Plaintiff's asserts in his reply that jail officials denied his request to send his filing fee to the Court. (*Id.*) To support this assertion, he attaches a jail grievance form showing that he requested "'trust withdrawal forms' allowing the jail to send a check or forward the money that is

---

[1] The Yolo County Sheriff's Department runs this facility.

in my account to a court to pay filing fees." (ECF No. 18 at 3.) A Sheriff's Department official responded at the first level of review that there are no such forms and that "court fees are handled outside of the jail accounts." (*Id.*) The form allowed Plaintiff to appeal that decision to a second and third level of review, but Plaintiff did not do so, nor has he explained why not. (*Id.* at 4.) If he had pursued his request to the second and third level of review, it may have been granted. In addition, the Court notes that Plaintiff did not specify to jail officials that he was seeking to pay the filing fee for a case in *federal* court; as county jail inmates commonly have ongoing cases in state court, jail officials may have assumed Plaintiff wanted payment of a state court fee. Because Plaintiff did not pursue his request to the second or third levels of review, and did not inform jail officials that the filing fee is for a federal case, he did not do all that he reasonably could do to pay the fee. He must do so.

Plaintiff is GRANTED an extension of time, to and including June 12, 2023, to pay the filing fee or show good cause why not. To show cause on the grounds that officials are preventing his payment, he must show that he has acted diligently in requesting the payment -- including informing jail officials that he seeks payment for Case Number 22-cv-7673 JSC (PR) in the United States District Court for the Northern District of California and pursuing this request to the second and third levels of review if necessary[2] -- submit a copy of his requests if he has access to copies, describe when and to whom he made these requests, and describe their responses if any. Yolo County Sherriff's Department officials are requested to send payment of $402.00 from Plaintiff's trust account to this Court's financial office for payment of the filing fee in this case.

Plaintiff has filed two motions for injunctive relief in which he requests an emergency injunction to stop jail officials from housing him in the jail's medical unit, retaliating against him, and giving him medication and mental health treatment, and to "open up a criminal investigation on white collar crime." (ECF No. 13 at 1, No. 16 at 1-2.) Yolo County Sherriff's Department officials are not parties to this case and therefore no injunction can be ordered against them. The

---

[2]It appears that Plaintiff may need to submit a new request to jail officials because the one he attaches indicates that the time for appealing to the second level of review has expired. (ECF No. 18 at 3.)

motions are DENIED.[3]

Plaintiff has filed two motions to seal documents that he seeks to obtain via discovery. (ECF Nos. 21, 22.) The motions include a number of discovery requests. Discovery requests must be made directly to Defendants, not filed with the Court, and only after the Court has granted the parties leave to conduct discovery. Fed. R. Civ. P. (a)(2). Leave to conduct discovery will not be granted until after Plaintiff has paid the filing fee, and only if the Court, following review of the complaint under 28 U.S.C. § 1915A, finds that it states claims that are capable of being judicially heard and decided. The motions to seal are DENIED. If documents are filed in this case that Plaintiff wishes to keep confidential, he may file a motion to seal such documents.

Plaintiff has filed a motion for a "protective order" of "anything sensitive in his 'social history'" disclosed in his motion for injunctive relief. (ECF No. 19.) It is not clear from this description what information he seeks to protect or from whom. Moreover, he cites Rule 37 of the Federal Rules of Civil Procedure, which pertains to materials disclosed in discovery, which has not yet commenced. Accordingly, this motion is DENIED. If Plaintiff wishes to protect information he discloses to Defendants during discovery from being disclosed to others, he may *at that time* file a motion for a protective order that clearly specifies the information to be protected.

Plaintiff has filed two motions for appointment of counsel. (ECF Nos. 12 and 14.) There is no constitutional right to counsel in a civil case under Section 1983. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). A court "may request an attorney to represent any person unable to afford counsel" under 28 U.S.C. § 1915(e)(1) under exceptional circumstances, which is a decision that rests within "the sound discretion of the trial court." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). These motions are premature because this case cannot proceed until Plaintiff has paid the filing fee. Therefore, these motions are DENIED. If exceptional circumstances arise after the filing fee is paid, the Court will on its own initiative request an

---

[3] In one of these motions, Plaintiff asks whether the Court has "charged" his trust account for the filing fee. (ECF No. 16 at 2.) The Court cannot charge his account directly; Plaintiff must request jail officials to make the payment, as described above.

3

attorney to represent Plaintiff; he need not keep requesting appointment of counsel.  Plaintiff has also moved for the Legal Help Desk to appear on behalf of him.  (ECF No. 20.)  The Legal help desk does not appear in court on behalf of litigants.  This motion is DENIED.

**Failure to pay the filing fee or show good cause for not doing so by June 12, 2023, will result in the dismissal of this case without prejudice.**

This order terminates docket numbers 12-4, 16, and 19-22.

**IT IS SO ORDERED.**

Dated:

JACQUELINE SCOTT CORLEY
United States District Judge

**IT IS SO ORDERED.**

Dated:

JACQUELINE SCOTT CORLEY
United States District Judge

4