UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BENNETT,<br><br>   Plaintiff,<br><br> v.<br><br>SANTA CLARA COUNTY SUPERIOR COURT, et al.,<br><br>   Defendants. | Case No. 22-cv-07673-JSC<br><br>**ORDER DENYING MOTIONS FOR APPOINTMENT OF GUARDIAN AND RECUSAL; EXTENDING TIME TO PAY FILING FEE**<br><br>Re: Dkt. Nos. 24, 26, 27 |

Plaintiff is in custody at Atascadero State Hospital and proceeding without an attorney. He filed this civil rights case under 42 U.S.C. § 1983 while he was an inmate at the Yolo County Jail. On February 6, 2023, his application to proceed in forma pauperis ("IFP") was denied because he had more than sufficient funds in his trust account to pay the filing fee, and he was ordered to pay the filing fee within 28 days. (ECF No. 11.) The deadline was extended twice, and the new deadline to pay the fee was June 12, 2023. (ECF Nos. 15, 23.)

Plaintiff has not paid the filing fee but has instead filed three motions in which he requests appointment of a guardian ad litem under Rule 17(c) of the Federal Rules of Civil Procedure. (ECF Nos. 24, 26, 27.) Rule 17( c)(2) provides:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

The decision whether to appoint a guardian ad litem is "left to the sound discretion the trial court." *Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014). The plaintiff in *Davis* was found incompetent after he submitted a declaration from a psychiatrist who "diagnosed him as suffering from schizoaffective disorder (bipolar type), impulse control disorder, and substance-related

mental disorder" with "a history of hallucinations, delusions, and mood episodes, including mania," and indicated that the plaintiff had "posed a danger to himself," and "been under court-ordered long-term involuntary medication." *Id.*

At this stage, the only task Plaintiff needs to perform to continue prosecuting this case is to pay the filing fee.[1] He has not shown he is not competent to do so or to continue prosecuting this case if the fee is paid. Plaintiff indicates he is receiving mental health treatment, including involuntary medication, at Atascadero State Hospital (ECF No. 24 at 2), and that he was found "incompetent to stand trial" in Yolo County Superior Court (ECF No. 27 at 7). Plaintiff does not describe his mental health problems or explain how it prevents him from paying the filing fee or prosecuting this case. Nor has he, unlike the plaintiff in *Davis*, submitted a declaration from a mental health professional or any medical records explaining his condition or any impairment that would render him incompetent. He also does not provide any state court records showing why he was found incompetent to stand trial. Prosecuting this civil rights case, which at this stage simply requires him to arrange for payment of the filing fee, is far less complex than defending himself in a criminal trial. Without the court records, the Court cannot determine that whatever mental health problems made him incompetent to stand trial in those proceedings also justify a finding of incompetency here.

Moreover, Plaintiff's pleadings and motions in this case indicate he is sufficiently competent to proceed without a guardian ad litem. He has filed a 27-page complaint with coherent allegations regarding his mental health care at Santa Clara County Jail.[2] (ECF No. 27.) With respect to his ability to pay the filing fee, he states that while he was at the Yolo County Jail, he filed "two grievances following this court['s] order"[3] regarding the payment of his filing fee from his trust account. (ECF No. 24 at 1.) He also states that, based on the "court order to transfer $402.00" to the court, he "took due diligence in (1) forwarding a blue card inmate request form to

---

[1] If he pays the filing fee, the next step will be for the Court to review his complaint under 28 U.S.C. § 1915A.
[2] To the extent the complaint is digressive and not always a model of clarity, this is not atypical for litigants who are not lawyers. The Court makes no findings at this time as to whether the complaint states claims that are capable of judicial determination under 42 U.S.C. § 1983.
[3] This presumably refers to the Court's order to pay the filing fee.

2

the officer Schnider the law librarian" and he "gave officer Schnider and the Inmate Trust Account Office a notice [] including a grievance on the court order."  (ECF No. 27 at 11-12.)  There is no indication the problems he had when he was at Yolo County Jail in effectuating such payment were due to his mental incompetency.  Indeed, Plaintiff states that in another case he "had no problem transferring money [to pay for] filing a 42 U.S.C. § 1983 [case when he was] in Santa Clara County Jail."  (ECF No. 27 at 16.)  These statements indicate Plaintiff is aware of the need to pay the filing fee and the amount that needs to be paid, and he is capable of pursuing procedures for requesting officials to transfer payment from his inmate trust account to the court.  And the problems he had at Yolo County Jail are moot because he is now at Atascadero State Hospital; he has not indicated he has made any effort to request payment while at Atascadero.  Accordingly, the Court concludes that Plaintiff has not shown he is incompetent to proceed with this case such that he requires appointment of a guardian ad litem under Rule 17(c).

In his latest motion, Plaintiff also seeks "recusal" of the undersigned judge.  (ECF No. 27.)  He argues the "magistrate judge lacks jurisdiction" and "this court should recuse the judge and reassign this case to a district judge."  (ECF No. 27 at 4.)  This case is not assigned a magistrate judge; it was previously assigned to a magistrate judge, but it was reassigned to the undersigned district judge under *Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017) (magistrate judge lacked jurisdiction to dismiss case on initial review because unserved defendants had not consented to proceed before magistrate judge).  (ECF No. 8.)  Therefore, any lack of lack of jurisdiction for a magistrate judge to decide this case is not a basis for recusal or for reassignment.[4]

In light of the foregoing, the motions for appointment of a guardian ad litem and for recusal are DENIED.

//

//

---

[4] The Court notes prior rulings are also not a valid basis for recusal.  *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999) (holding that a court's adverse rulings are not an adequate basis for recusal).

3

**On or before December 4, 2023, Plaintiff shall pay the full filing fee and administrative fee ($402). No further extension of time will be allowed absent a showing of good cause. If he does not do so, this case will be dismissed without prejudice.**

This order resolves docket numbers 24, 26, and 27.

**IT IS SO ORDERED.**

Dated: November 6, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge