UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BENNETT,<br><br>  Plaintiff,<br><br>  v.<br><br>SANTA CLARA COUNTY SUPERIOR COURT, et al.,<br><br>  Defendants. | Case No. 22-cv-07673-JSC<br><br>**ORDER DENYING MOTION FOR GUARDIAN AD LITEM AND MOTION FOR ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION OR TEMPORARY RESTRAINING ORDER; FINAL EXTENSION OF TIME TO PAY FILLING**<br><br>Re: Dkt. Nos. 30, 31 |

Plaintiff is in custody at Atascadero State Hospital ("ASH") and proceeding without an attorney. He filed this civil rights case under 42 U.S.C. § 1983 while he was an inmate at the Yolo County Jail. On February 6, 2023, his application to proceed in forma pauperis ("IFP") was denied because he had more than sufficient funds in his trust account to pay the filing fee, and he was ordered to pay the filing fee within 28 days. (ECF No. 11.) The deadline was extended three times, and the new deadline to pay the fee is December 4, 2023. (ECF Nos. 15, 23, 28.) The Court also denied Plaintiff's three motions for a guardian ad litem under Rule 17(c) of the Federal Rules of Civil Procedure. (ECF No. 28.)

Plaintiff has filed a fourth motion for appointment of a guardian ad litem, as well as "objections" to the denial of his prior three. (ECF Nos. 29, 30.) Rule 17(c)(2) provides:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

The decision whether to appoint a guardian ad litem is "left to the sound discretion the trial court." *Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014).

1    In denying his prior motions, the Court explained the only task Plaintiff needs to perform
2    at this stage of the case is to pay his filing fee. (ECF No. 28 at 2:4-5.) The Court denied the
3    motions because Plaintiff did not submit or medical or court records showing he is not competent
4    to pay the fee, or prosecute this case generally, and his pleadings and motions showed he is
5    competent to do so insofar as he had paid the filing fee in a different case recently, pursued
6    administrative procedures for seeking payment of the fee in this case when he was in the Yolo
7    County Jail, and presented coherent allegations regarding his claims. (*Id.* at 2-3.)

8    Plaintiff attaches to his present motion court records from his state court criminal
9    proceedings and medical records from ASH. (ECF No. 30.) The state court records indicate he
10   was committed to state hospital and involuntarily medicated because his conduct prior to and since
11   being in custody[1] "presents, as a result of mental disorder or mental defect, a demonstrated danger
12   of inflicting substantial physical harm on others." (ECF No. 30 at 24:24-15.) These records do
13   not explain the mental disorder Plaintiff suffers. Moreover, being a danger of inflicting physical
14   harm on others does not, on its face, render Plaintiff incapable of paying the filing fee or
15   prosecuting a civil case such as this one.

16   The medical records Plaintiff submitted consist of recent treatment plan by a psychiatrist at
17   ASH indicating Plaintiff has "unspecified schizophrenia spectrum and other psychotic disorder,"
18   "substance abuse disorder," and "antisocial personality disorder." (*Id.* at 40.) The psychiatrist
19   stated Plaintiff is "pleasant and cooperative" with "no behavioral problems," is "alert and
20   oriented," does not "respond to internal stimuli or have delusional thinking." (*Id*. at 40-41.) The
21   plan further indicated Plaintiff passed a "Revised Competency Assessment Instrument" on August
22   9, 2023, and a "Clinical Staffing" criterion on September 7, 2023, and there are "no barriers" to
23   Plaintiff's progress. (*Id.* at 42.) In addition, Plaintiff identified his "strengths" are "reading,
24   writing, journaling," and the psychiatrist stated Plaintiff is "adjusting well" and "interacting
25   appropriately" at the state hospital, and his suicide risk is "low." (*Id.* at 40-41.) These records do
26   not suggest Plaintiff's mental health problems render him incapable of proceeding with this case

---

[1] Plaintiff was charged with escaping from jail and carjacking.

2

on his own. He is alert and oriented, not delusional, adjusting well at his present place of confinement, and he himself describes his strengths as reading and writing, which are necessary skills for civil litigation.

These records and Plaintiff's papers, both in this case and other cases cited, discussed in the Court's order denying his prior motions for appointment of a guardian ad litem (ECF No. 28 at 2-3) confirm the Court's conclusion in that order that Plaintiff is capable of paying the filing fee and prosecuting this case, at least at this stage. (*Id.* at 3.) Accordingly, Plaintiff's current motion for appointment of a guardian ad litem is DENIED.

Plaintiff also seeks an order to show cause regarding a preliminary injunction or temporary restraining order ("TRO") against Defendant California Governor Newsom. (ECF No. 31.) The Court cannot grant the requested injunctive relief because Plaintiff has not paid the filing fee or been granted leave to proceed in forma pauperis, and also Plaintiff has not provided notice of the motion to Governor Newsom (who has not been served) or explained why not. *See* Fed. R. Civ. P. 65(d)(2), 65(b)(1). The motion for an order to show cause regarding a preliminary injunction or a TRO is DENIED.

**On or before December 28, 2023, Plaintiff shall pay the full filing fee and administrative fee ($402). If he does not do so, this case will be dismissed without prejudice. No further extension of time will be allowed absent a showing of good cause.**

Plaintiff shall not file any further motions for appointment of a guardian ad litem until after: (1) he pays the filing fee and (2) the Court has issued an order following initial review of the complaint under 28 U.S.C. § 1915A.

**IT IS SO ORDERED.**

Dated: December 1, 2023

JACQUELINE SCOTT CORLEY
United States District Judge