UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BENNETT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SANTA CLARA COUNTY SUPERIOR COURT, et al.,<br><br>　　　　　Defendants. | Case No. 22-cv-07673-JSC<br><br>**ORDER OF DISMISSAL; DENYING PENDING MOTIONS**<br><br>(ECF Nos. 36, 37) |

## INTRODUCTION

Plaintiff is in custody at the Yolo County Jail ("Jail") and proceeding without an attorney. He filed this civil rights case under 42 U.S.C. § 1983. Now before the Court are Plaintiff's motion for an extension of time (ECF No. 37) and motion for leave to proceed in forma pauperis (ECF No. 36). For the reasons discussed below, these motions are DENIED, and this case is DISMISSED without prejudice.

## BACKGROUND

On February 6, 2023, the Court denied Plaintiff's application to proceed in forma pauperis ("IFP") because his trust account had a balance of $3058, which was more than sufficient to pay the filing fee. (ECF No. 11.) He was ordered to pay the filing fee by March 6, 2023. (*Id.*) Plaintiff has since received four extensions of the deadline to pay the filing fee (ECF Nos. 15, 23, 28, 32), most recently on December 1, 2023, when the Court advised him as follows:

> **On or before December 28, 2023, Plaintiff shall pay the full filing fee and administrative fee ($402). If he does not do so, this case will be dismissed without prejudice. No further extension of time will be allowed absent a showing of good cause.**

(ECF No. 32 at 3 (emphasis in original).)

The deadline has passed, and Plaintiff has not paid the filing. He has instead filed a

"Motion for Extension of Time and Objection to Order Denying Guardian Ad Litem." (ECF No. 37.)  In this motion, he states he "became indigent at [Atascadero State] Hospital. [1] And is indigent now." (ECF No. 37 at 2.)  He also states he was "tazed in June 2023 for trying to follow the courts [sic] order grieving the jail to pay the filing fee." (*Id.*)  He also states he attaches "new grievances made to pay the filing fee." (*Id.*)  He attaches copies of the following Jail grievances: (1) a grievance dated May 14, 2023, complaining officials had not completed or sent his IFP application and requesting they return the IFP application to him and not limit his access to court (*id.* at 6); (2) a grievance dated May 19, 2023, asking jail officials to pay his filing fee (*id.* at 7); and (3) a grievance dated November 21, 2023, seeking access to legal assistance, the law library, "LRA forms," copies, and postage (*id.* at 8).  He also attaches a letter to Atascadero officials on November 13, 2023, requesting to have them complete their portion of his IFP application. (*Id.* at 5.)

Plaintiff also filed a "notice" that Jail officials did not complete his IFP application and attaches an administrative grievance dated December 16, 2023, asking them to do so. (ECF No. 35 at 1-2).  Plaintiff also submits an IFP application.[2] (ECF No. 36.)

**DISCUSSION**

Plaintiff has not shown good cause for his failure to pay the filing fee by the December 28, 2023, deadline or for receiving a fifth extension of time to do so.  The "'good cause' standard primarily considers the diligence of the party." *Johnson v Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *cf. id.* at 609-10 (finding plaintiff's lack of diligence meant he did not have "good cause" for modification of scheduling order under Federal Rule of Civil Procedure 16(b)).  If the party was not diligent, the "good cause" inquiry should end. *Id.*  "Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* (citations omitted).

Plaintiff has not shown he has been diligent in attempting to pay the filing fee.  He has not

---

[1] Plaintiff was at Atascadero State Hospital ("ASH") from approximately June 13, 2023 (ECF No. 24 at 2) to November 20, 2023 (ECF No. 33 at 1).
[2] This IFP application is incomplete insofar as it does not include a completed certificate of funds or trust account statement. (ECF No. 36.)

2

1    described or made any attempt to pay the fee since receiving his latest extension of time and the
2    above-quoted caution on December 1, 2023.  To the extent Plaintiff is now indigent, he has not
3    explained how he spent his money or shown why he did not use a relatively small portion of it[3] to
4    pay the filing fee.  Excusing him from paying the fee at this stage, particularly where he has not
5    justified spending his money on other things rather than the filing fee, would only reward him for
6    not following the Court's order to pay the fee when he had the means to do so.  The current
7    application to proceed IFP is therefore DENIED, and his current assertions of indigence do not
8    warrant granting him a fifth extension of time to pay the filing fee.

9          Plaintiff's bare allegation that he was "tazed" in June 2023 when he sought to pay the
10   filing fee also does not to excuse his failure to pay it.  He does not state who tazed him, describe
11   the circumstances of the incident in any way, or allege any facts showing he was tazed for seeking
12   the filing fee payment as opposed to some other reason.  Thus, his allegation he was tazed for
13   seeking payment of the filing fee is conclusory, and as such it does not support finding he a
14   reasonable basis for fear of being harmed over five months later, in December 2023, if he followed
15   the Court's most recent order to pay the filing fee.  Instead of asking Jail officials to send payment
16   of his filing fee, he asked them to complete an IFP application.  (ECF No. 35 at 2 (grievance dated
17   December 16, 2023).)  This fact, along with his representation that he is currently indigent and his
18   filing a new IFP application, indicates the reason he did not pay the filing fee was not that he had
19   the funds but feared asking for them, but rather that he simply could not (or would not) pay the
20   fee.  For the reasons discussed above, the unexplained expenditure of the ample funds he had
21   when he filed this action does not excuse his non-payment of the filing fee or justify extending the
22   deadline to do so for a fifth time.

23         Plaintiff's grievances at the Jail and his letter to trust account officials at Atascadero State
24   Hospital ("ASH"), also do not show Plaintiff was diligent in seeking to pay the filing fee.  Plaintiff
25   states these grievances are "new" (ECF No. 37 at 2), but only one of them was filed since he
26   received the latest extension of time on December 1, 2023 (*see* ECF No. 35 at 2 (grievance dated

---

[3] The $402 filing fee computes to less than 15% of the $3058 he had when he filed this case.

3

December 16, 2023)).  Plaintiff did not ask officials to pay the filing fee in this grievance, however, but instead asked them to complete and send an IFP application.  (*Id.*)  This does not show his diligence in following the Court's order because he was ordered to pay the filing fee not submit another IFP application.  The other grievances and the letter to ASH officials were from May and November 2023 (ECF No. 37 at 5-8), and only one of them sought payment of the filing fee (*id.* at 7).[4]  This grievance has the term "RTN" written across it and a handwritten instruction stating, "you must refile."  (*Id.*)  It is not clear when or why he received that response, but the Court interprets it to mean Jail officials returned the grievance to him and instructed him to refile it.  Plaintiff does not explain why he did not do so at that time, or alternatively, appeal the response.  The Court granted him nearly seven more months of extensions to pay the filing fee, and he shows no effort to pay it during that time, either while he was at the Jail or at ASH.  The Court finds Plaintiff's grievances and letter to ASH officials do not show he was diligent in pursuing payment of the filing fee.  Consequently, he has not shown good cause for his failure to pay the fee or for a fifth extension of time to do so.

In his motion for an extension of time, Plaintiff also requests to be excused from failing to serve Governor Newsom.  (ECF No. 37 at 4.)  As Plaintiff did not pay the filing fee, the complaint has not been screened under 28 U.S.C. § 1915A(a).  Therefore, Plaintiff is not obligated to serve Governor Newsom or any other defendant.  Plaintiff also requests a "competency hearing."  (ECF No. 37 at 4.)  Such a hearing is not appropriate at this time as Plaintiff did not pay the filing as instructed by the Court, which he has been found competent to do.  (*See* ECF Nos. 28, 32; *see also* ECF No. 32 at 3 ("Plaintiff shall not file any further motions for appointment of a guardian ad litem until after: (1) he pays the filing fee and (2) the Court has issued an order following initial review of the complaint under 28 U.S.C. § 1915A.").)

**CONCLUSION**

Plaintiff has not timely paid the filing fee, shown good cause why not, or shown good

---

[4] As described above, the other grievances and the letter to ASH officials either sought completion of an IFP application or other matters unrelated to paying the fee. (ECF Nos. 37 at 5, 6, 8; 36 at 2.)

cause for a fifth extension of time to do so.  This case is therefore DISMISSED without prejudice to filing a new case in which he pays the filing fee or files a completed IFP application.  Plaintiff's motion for an extension of time (ECF No. 37), and the motion for leave to proceed IFP (ECF No. 36) in this case are DENIED.

The Clerk shall enter judgment and close the file.

This order resolves docket numbers 36 and 37.

**IT IS SO ORDERED.**

Dated: January 18, 2024

JACQUELINE SCOTT CORLEY
United States District Judge